

RECEIVED
NOV 29 2018
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY_____

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUSIANA

ALXENDERIA DIVISION

1:18-cv-1567  SEC P

**HENERY ANEKWU,**

**Petitioner,**

v.                                                                    CASE NO.:A087618083

**ICE AND US GOVERNMENT,**

**Respondents.**

**MOTION FOR LEAVE TO FILE EMERGENCY COMPLAINT SHOW CAUSE FOR INJUNCTIVE RELIEF; MONETARY RELIEF; RELIEF TO TAKE JUDICIAL NOTICE OF VIOLATIONS OF RIGHTS UNDER NON-DETENTION ACT; THE PRIVACY ACT; FOURTH AND FIFTH AMENDMENT CONSTITITUTIONALITY CRISIS CONCERNS**

Pursuant to Sections 28 USC 1331, 28 USC 4001,  5 USC 701, 702 , 28 USC 2001 and 2002, 1251(b)(3), 2842 USC 1986 USC 1332(a)(2),(3),1343(a)(1),(2),(3); 3(c), 5(a)-5(c), and 5(e); 8 U.S.C. 552a (g) and Federal Rule of Evidence 201, Petitioner "Henary C. Anekwu ", hereby, files for leave to file Emergency Complaint Show Cause for Injunctive Relief, Monetary Relief, Non-Detention Act Relief; Relief to take Judicial of Notice of Significant relevant plenary regarding significant relevant plenary inter alia meaningful material statements and facts within itself core nexus dispute; NTA procedural inherent inaccurate adverse statements and facts within itself core nexus inference exist infect pediment substance Relief; Violations of Rights under the Non-Detention Act, Privacy Act, Fourth and Fifth Amendment Constitutionality crisis concerns Relief in creating and causing this specific circumstances to warrant this underlying case herein as, while Petitioner points out and references to the instant Criminal and Immigration proceeding are herein, and states as follows:

### INTRODUCTION

Against, this Non-Detention Act, Constitutionality, Privacy Act, Fourth and Fifth Amendment Procedural safeguard Equal Protection Due Process crisis concerns backdrop, Petitioner seeks relief from this Honorable in declaring that the lodging of these multiple unlawful ICE detainers, NTA and Order of removal entered against him, who has maintained along that he is a per nunc pro tunc recognized as a US citizen , alienage and fingerprint nexus, is a violation to his constitutional rights which this Court can redress through the issuance of this Complaint.

Petitioner is currently detained in ICE custody at LaSalle ICE Processing Center, Jena.

Petitioner also asserts the "fruit-of-the-poisonous-tree doctrine to the proceedings in their entirety. Petitioner's fifth and Fourteenth Amendment rights have been violated; rights to "Due Process of the law," and the fruit-of-the poisonous-tree" doctrine applied to Constitutional provisions other than the fourth Amendment. For this stand true, the poisonous tree must be identified. "The threshold issue in any "fruit-of-the-poisonous-tree" claim is whether "the challenged evidence is in some sense the product of illegal government activity."

Petitioner does appears to make a colorable challenge, which arise directly under the Non-Detention Act, Constitutionality, Privacy Act, First, Fourth, Fifth and Sixth Amendment safeguard equal protection due process crisis concerns and on the basis to address the misconduct of these agencies officials influence for, inter alia deliberate adopted purported inherent inaccurate adverse statements and facts within itself core rooted cause databases records nexus inference exist infect pediment substance predicated purview widespread manipulation ambush assertions. This Court has jurisdiction to entertain and consider this specific threshold issues of Petitioner's pleadings, exhibits and relief, as they are inextricably linked to the validity of Petitioner's pleadings, exhibits and relief crisis concerns. All of Petitioner's submitted proffered relevant plenary inter alia materials do show this specific subject fact.

## STATEMENT OF JURISDICTION

In particular, this Court take judicial notice of this Court jurisdiction is based upon the specifically the First, Fourth, Fifth and Sixth Amendment of the US Constitutional; the bill of right; the rules and regulations of the DOJ and the INA; the administrative procedure Act title 5 USC 701, 702 et al; the federal questions statute 28 USC 1331 Biven v. sis unknown federal narcotic agents, 403 us 388, 91 s.ct. 1999, 29 led, 2d 619(1971); the declaratory judgment statue 28 USC 2001 and 2002;; the original jurisdiction statue 1251(b) (3); the alienage statute, 28 USC 1332(a) (2), (3), the civil rights statute 1343(a) (1), (2), (3) the US as Defendant USC 1985; failure to prevent the violation of plaintiffs civil right, 42 USC 1986, the laws of equity and Non-Detention Act 28 USC 4001.

This Court's jurisdiction arose under Non-Detention Act, Constitutionality, Privacy Act, Fourth and Fifth Amendment crisis concerns which grants it jurisdiction to consider and examine specifically ICE, USCIS, DOS and RBPF inter-agencies officials influence actions and determination relevant plenary material statements and facts within itself core nexus inference exist infect pediment substance predicated purview widespread manipulation ambush in initiating this December 10, 2014 Criminal arrest warrant and October 7, 2016 Immigration arrest warrant against Petitioner. This Court's jurisdiction generally arises under the fundamental Non-Detention Act, Privacy Act, Fourth and Fifth Amendment

Constitutionality crisis concerns, which confer exclusive jurisdiction on the Court and US District Court authority.

In sum, this has subject matter jurisdiction of this action pursuant to 28 U.S.C 1331 because arise under the Non-Detention Act 28 USC 4001, Constitution and laws of the US. Moreover, this Court has jurisdiction to consider and entertain the merits of Petitioner's pleadings, exhibits and relief under the Non-Detention Act, Privacy, Fourth and Fifth Amendment Constitutionality fundamental Procedural Procedure Safeguard Equal Protection Due Process crisis concerns.

Venue lies in this Court, because Petitioner is currently detain predicated upon these agencies officials influence conspiracy actions specifically ICE, USCIS, DOS and RBPF inter-agencies adopted purported inherent inaccurate adverse integral databases records statements and facts within itself core nexus conflicts inference exist infect pediment substance predicated purview widespread manipulation ambush derived and stemmed in the territorial jurisdiction of this court under 28 USC 1391. Venue is proper in this judicial district pursuant to 5 U.S.C. 552a (g) and 8 U.S.C. 1252(g) because Petitioner reside in this district.

Venue is also proper in this judicial district pursuant to 28 U.S.C. 1391(b) (2) and 1391(e) (1) (B) because a substantial essential material relevant part of the relevant plenary inter alia events and omissions giving rise and predicated to Petitioner's pleadings, exhibits and requests occurred in this region and other region per nunc pro tunc purposes and basis. Notwithstanding venue is proper in this judicial district pursuant to 28 U.S.C.1391 (e) (1) (c) because Petitioner resides in the district and the Defendants are sued in their official individual capacities and employee of the US government.

## PARTIES

Petitioner is recognized and treated as a native and citizen of Nigeria was taken into ICE custody Petitioner is currently detained at LaSalle ICE Processing Center Jena Louisiana.

Respondent Matt Whitaker is the Acting Attorney General of the US and is responsible for the administration of ICE and the implementation and enforcement of the INA. As such Mr. Whitaker has the Ultimate custodial authority over Petitioner.

Respondent Kirstjen M. Nielsen is the Secretary of the DHS. She is responsible for the administration of ICE and USCIS and the implementation and enforcement of the INA. As such Ms. Nielsen is the legal custodian of Petitioner.

Respondent David Rivera is sued in his official capacity as the Field Operations Director, Louisiana for ICE DRO. As such, he is the designee of the acting director of ICE DRO for the

Miami district, including jurisdiction of detainees held in LaSalle service and processing center.

Respondent DOS Bureau of Diplomatic Security Service Field Operation Director is sued in his official capacity as the Field Operations Director, Miami Florida, for DSS Miami, Florida Field Office. As such, he is the designee of the acting director of DSS for the Miami district, including jurisdiction of detainees held in LaSalle service and processing center.

## STATEMENT OF THE CASE AND RELEVANT PLENARY STATEMENTS AND FACTS WITHIN ITSELF CORE NEXUS INFERENCE EXIST INFECT PEDIMENT SUBSTANCE PREDICATED PURVIEW ISSUES

1. With respect whether his detention is unlawful under per nunc pro tunc Non-Detention Act 28 USC 4001?

2. Whether this Court and other relevant this Court has jurisdiction to hear any cause or claim by or on behalf of any Petitioner arising and stemmed from these agencies officials influence decision or action by these agencies officials influence stemmed actions and the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act. 1252(g)?

3. Whether Petitioner is entitled to a Nunc Pro Tunc and Equitable Relief prerequisite Show cause for Injunction Relief, Relief to take Judicial Notice of Pending Resolutions.

## EMERGENCY STATUS RELIEF

To the extent, this Court should review and examine the Complaint, exhibits, requests and conclude that it does contains substantial and significant relevant plenary inter alia statements and facts within itself core nexus inference exist infect pediment substance critical threshold confusion issues and irreparable injuries warranting this emergency status. Moreover, in particular Petitioner specifically caution this Court he had to use the term "emergency" due to nature and extraordinary circumstances, such as there is a true and legitimate emergency critical issues. Furthermore, Petitioner's pleading is labeled as an emergency, this Court and District Courts involves in this case should consider and take immediately action focus on the "emergency" pleadings, exhibits and requests.

## INJUNCTIVE RELIEF

In relevant part, to the extent, Petitioner assert that this injunctive relief and hearing on his pleadings, exhibits and requests is necessary so that he can prove (1) the crux and threshold factual and legal issues, that he has been per nunc pro tunc.

## STATEMENT OF CLAIM RELEVANT BACKGROUND OF THE FACTUAL ALLEGATIONS

See attached document pages 9-12 in support of the Complaint.

## APPLICABLE LEGAL FRAMEWORK SUMMARY OF ARGUMENT

### LEGAL FRAMEWORK FOR BIVENS CLAIM

In this context, "this[C]ourt has jurisdiction to determine whether jurisdiction exist". Pursuant this jurisdiction over Bivens Cause of Actions under 28 USC 1331 because they are "Civil actions arising under the Constitution..." This Court has jurisdiction to entertain and consider Petitioner's pleadings, exhibits and relief.

Points out and refer this Court attention to take judicial notice of specifically under 28 USC 1391(b) (c)-(2) where a significant portion of the actions or omissions giving rise to the claim occurred within this venue. This Court take judicial notice of notably, injunctive relief is also available in conjunction with a Bivens claim for damages. As the US Supreme Court has make clear, "[t]he broad power of federal courts to grant equitable relief for Constitutional violations has long been established". Mitchum v. Hurt, 73 F.3d 30, 35 (3d Cir. 1995) ("we assume that the power of the federal courts to award legal and equitable relief in action under 28 USC 1331 stem from the same source".)

In this context, notwithstanding jurisdiction permits, this Court to retain jurisdiction to entertain and consider Petitioner's pleadings, exhibits and relief. In particular points out and refer this Court attention to specifically Petitioner relies upon Ziglar v. Abassi, 137 S. Ct. 1843(2017); Davis v. Passman; Bush v. Lucas, 462 US 367, 390 (1983); Ballesteros v. Ashcroft, 452 F.3d 1160 (10 th Cir. 2006) ("no remedy for the alleged constitutional violations would affect the BIA's final order of removal); that reliance is applicable and applied in this case. In fact, for this specific purpose and basis scope of this pleadings, exhibits and relief, these agencies officials influence should concede, that the outlined in these cases along with Lanuza, 2018 US App. LEXIS 22498 at 26-27 citing 8 USC 1357 (g)(8); US v. Hovsepian, 359 at 1155(noting that "the same [statutory construction] principle applies" for the interpretation of 1252(g) whether a cause arises in the context of a habeas petition or a district court action for injunctive relief) and see e.g., Gupta v. McGrahey, 709 F.3d 1062 1065 (11 Th Cir. 2013)(per Curiam)(concluding that the arrest of plaintiff and related actions by ICE agents arose from an action to issue".(citing 8 USC 1357(b)(addressing punishment for submitting false evidence and 1357(g)(8)(indicating

5

the Congress completed the availability of civil actions for statutory or constitutional violations by federal officers and state officers authorized to act in a federal capacity). Id. At 26-27.

In this context, points out in Arhga Carreo v. Farrelly, 270 F.Supp. 3d 851, 877-78(D.Md.2017) (findings 1252(g) barred review of arrest of plaintiff with a final removal order but did not review of claim related to agent's entry of the final order into national crime databases); Khorrami v. Roline, 493 F. Supp. 2d 1061, 1068-69(N.D.111 2017) (finding 1252(g) barred review to commence proceedings but did not bar review of the 12 hours pre-arrest interrogation which preceded decision to commence proceedings). Which are the explicit issues in this case?

Point outs out to this court attention to take judicial notice of most recently, the Ninth Circuit affirmed the availability of a Bivens remedy "where a federal official willfully submitted false evidence and the submission of this evidence resulted in a complete bar to relief to which the individual was otherwise entitled under Congressionally enacted laws". Lanuza v. love, No. 15-35408,-F.3d, 2018 US App-Lexis 22498, 33(9 th Cor. August. 14, 2018). In that case, a DHS trial attorney forged and submitted evidence in removal proceedings that rendered the noncitizen ineligible for immigration relief. In distinguishing the case from its prior decision in Mirmehdi v. US. 689 F.3d 975(9 th Cir. 2012), categorically in the context of immigration proceeding; rather, courts "must look to the specific facts of the case and claims presented". Id. At 18.

## CONCLUSION

Petitioner has met his burden to rebut these agencies inherent accurate adverse inference nexus exist infect, which arises and stemmed from these agencies officials influence actions erroneous misconduct and actions. Based on Petitioner's motions, exhibits and the record now before this Court, Petitioner has establish entitlement to deemed relief.

## PRAYER FOR RELIEF

1. Enter an instant Order to grant leave to proceed in forma pauperis.

2. Assume Jurisdiction over this matter and retain jurisdiction.

3. Grant Petitioner's Complaint for pleadings, Exhibits, Relief Injunctive Relief; Non-Detention Act Relief; Take judicial notice relief and other relevant reliefs.

4. Enter an Instant Order ordering respondents to refrain from removing Petitioner to the Nigeria.

5. This Court is being asked to decide and declare what rights Petitioner has; whether these rights have been violated per nunc pro tunc; to enjoin the and their officers, agents

and employees for further and/or future violations; and to compensate Petitioner for the transgressions of his rights. Thus this action for declaratory, injunctive and monetary relief;

6. Grant any other and further relief that this Court deems just and proper.

### **CERTIFICATE OF INTERESTED PERSON SERVICES**

I, Henary C. Anekwu, hereby certify that, this 28th day of November 2018, I served a true and correct copy of this Complaint on all parties: U.S. District Court for the Western District of Louisiana Clerk's Office; US District Court in District of Southern Florida Clerk's Office; US District Court in District of Puerto Rico Clerk's Office. US District Court in Southern District of Georgia Clerk's Office, U.S. District Court for the Middle District of Florida Clerk's Office, U.S. District Court for the Northern District of Alabama Clerk's Office, BIA Clerk's Office, U.S. Attorney Office for Northern Alabama, Secretary of Homeland Security, U.S. ICE/RO, DOS/Bureau of Diplomatic Security Service, U.S. CIS, U.S. DOJ Civil Division Office Immigration Litigation Washington, DC, DHS/ICE Office of Chief Counsel Las Vegas, Nevada, Immigration Court Las Vegas, Nevada and all other interested persons to this action in this Court.

**WHEREFORE**, Petitioner hereby requests that, this Court accept his Complaint and consider specific pleadings, arguments, exhibits and for relief for its merits.

This 28th day of November 2018.

Respectfully Submitted,

*[signature]*

HENARY ANEKWU

#087618083 UNIT EAGLE-A

LIPC

P.O.BOX 560

TROUT, LA 71371

### 3. A Due Process Amendment violation applies in reference to Petitioner's removal proceedings.

Petitioner also asserts the "fruit-of-the-poisonous-tree" doctrine to the proceedings in their entirety. Petitioner's Fifth and Fourteenth Amendment rights have been violated; rights to "Due Process of the law," and the "fruit-of-the-poisonous-tree" doctrine applies to Constitutional provisions other than the Fourth Amendment. For this to stand true, the poisonous tree must be identified. "The threshold issue in any "fruit-of-the-poisonous-tree" claim is whether "the challenged evidence is in some sense the product of illegal government

activity."" United States v. Crews, 445 U.S. 463, 471 (1980). In Petitioner's case, the poisonous tree is identified as the original indictment for the underlying criminal conviction.

On February 7th, 2017, Petitioner made a request for information to the United States District Court for the Central District of California, requesting a copy of his original indictment, redacted indictment and grand jury transcript. **(SEE EXHIBIT 7)**. Petitioner received a response dated February 17th, 2017. **(SEE EXHIBIT 8)**. In that response, Petitioner was advised of the cost of the requested information and that there is **no grand jury transcript on the docket**. Id. Additionally, a review of the docket (docket entry 2) shows the indictment, and on the face of the indictment it shows that it was issued in June, 2003, but was filed five months later in November, 2003, but doesn't show how the indictment was returned or the magistrate that it was returned to; much less how or why a grand jury's decision would take five months from issuance to filing (from June to November). **(SEE EXHIBIT 9)**. From appearances, the indictment was never delivered in court by the grand jury, and its findings were never recorded. Id. That omission is a fatal defect. Petitioner requested the grand jury transcript due to concerns that evidence seized in violation of the Fourth Amendment were improperly presented to the grand jury to secure an indictment. Here lies the "root" of the poisonous tree. That concern is now secondary based on the fact that the record provides no evidence of a grand jury or the return of an indictment from the grand jury. This is not a question of irregularity, but of substantive law. The Fifth Amendment provides (in part) that, "No person shall be held to answer for a capital, or otherwise infamous crime, unless on presentment or indictment of a grand jury..." Additionally, "The indictment – and that means of course a valid indictment found and presented according to the settled usage and established mode of procedures – is a prerequisite to the jurisdiction of the court to try the person accused, an indispensable condition and requirement, the absence of which renders the proceedings **not simply voidable, but absolutely void**." Regina v. Heane, 9 Coxe, C.C., 433 (quoting Chief Cockburn). The recording of grand jury proceedings is currently a requirement **under California Penal Code §§ 938 - 938.3** in the Federal Rules of Criminal Proceedings. Further, "As regards the objection that the motion to quash cannot be made after the plea pleaded, I think, if it is made to appear clearly that there was no jurisdiction, we have the power to quash the

indictment **at any stage**..." _Regina v. Heane._ That a grand jury didn't return the indictment, the fact of no evidence of a grand jury involved in the indictment and the recording of the grand jury proceedings not existing goes against Petitioner's Fifth Amendment rights and against the Federal Rules of Criminal Proceedings.

Considering that the indictment in the underlying offense was falsified, that means that the judge presiding had no jurisdiction to issue a guilty verdict in the underlying conviction. The conviction was thus "fruit-of-the-poisonous-tree." Incidentally, not only was the indictment falsified, but the extradition was illegal (due to the falsified indictment) and thus invalid in two respects. First, the Assistant United States Attorney ("AUSA") from the Central District of California requested Petitioner's extradition in an attempt to expedite the extradition of Petitioner. The Office of Internal Affairs Criminal Division of the Justice Department is responsible for all international extraditions **on behalf of** all federal and state prosecutors. The second respect by which the extradition was illegal and thus invalid is that, by presenting a falsified indictment to the Canadian Government to secure Petitioner's extradition, this was a violation of the extradition treaty agreement between the Canadian Government and the United States Government.

This falsified indictment is the "poisonous tree." From this "poisonous tree," the fruits yielded are an invalid and illegal extradition, a conviction from a judge that lacked jurisdiction to rule on the related case and, more fittingly, the current removal proceedings on appeal before this Court. The Ninth Circuit has "expressly recognized the authority to dismiss actions where government attorneys have willfully deceived the court, thereby interfering with the orderly administration of justice." _United States v. Lopez_, 4 F.3d, 1463 (9th Cir. 1993). This Court has the authority to dismiss the actions of the AUSA and presiding judge in reference to the underlying criminal conviction; especially with clear evidence showing collusion between the two about falsified indictments being presented to the Canadian Government for years. **(SEE EXHIBIT 10).**

Based upon the aforementioned atrocities, Petitioner contends that this Court has the jurisdiction and power to review the validity of the indictment on the underlying conviction (as several questions of law in conjunction with it have been raised), the legality of Petitioner's

extradition and thus order the BIA to terminate the removal proceedings in the case of the Petitioner based upon the "fruit-of-the-poisonous-tree" doctrine.

### Conclusion

Based upon the foregoing, Petitioner respectfully submits that this Court should overturn the IJ and BIA rulings about the Agreement. Additionally, Petitioner requests that this Court resolve the question of law broken by the IJ and upheld by the BIA in reference to the correct country of removal and order Petitioner removed back to Canada. Alternatively, Petitioner respectfully requests that this Court exercise its jurisdiction and vacate the underlying criminal conviction.

Respectfully Submitted,

*[signature]*

Henry Anekwu, *pro se*
P.O. Box 560
Trout, LA 71371