a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

HENRY C. ANEKWU,                        CIVIL ACTION NO. 1:18-CV-1567-P
Petitioner

VERSUS                                  JUDGE DEE D. DRELL

IMMIGRATION AND CUSTOMS          MAGISTRATE JUDGE PEREZ-MONTES
ENFORCEMENT, ET AL.,
Respondents

## REPORT AND RECOMMENDATION

Before the Court is a Complaint filed by pro se Plaintiff Henry C. Anekwu

("Anekwu") (A#087618083) pursuant to Bivens v. Six Unknown Agents of the Federal

Bureau of Narcotics[1]. (Doc. 1).  Anekwu is an immigration detainee in the custody of

the Department of Homeland Security/U.S. Immigration and Customs Enforcement

("DHS/ICE").   He is being detained at the LaSalle Detention Center in Jena,

Louisiana.  Anekwu asks the Court to overturn the rulings of the Immigration Judge

and Board of Immigration Appeals and order Anekwu removed to Canada.  (Doc. 1,

p. 11).  Alternatively, Anekwu asks that the Court vacate his criminal conviction.

(Doc. 1, p. 11).  Anekwu seeks emergency injunctive relief.  (Doc. 1).

Because the Court lacks jurisdiction over Anekwu's Order of Removal, and a

reversal of his conviction is not attainable through a Bivens action, Anekwu's

---

[1]In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388
(1971), the Supreme Court recognized that certain circumstances may give rise to a private
cause of action against federal officials that is comparable to the statutory cause of action
permitted against state officials by 42 U.S.C. § 1983.

Complaint and Motion for Preliminary Injunction should be DENIED and DISMISSED.

## I.    Background

Anekwu was convicted of mail fraud, wire fraud, and telemarketing fraud against the elderly.  U.S. v. Anekwu, 695 F.3d 967 (9th Cir. 2012).  His conviction was affirmed, and the United States Supreme Court denied writs.  Anekwu v. U.S., 569 U.S. 989 (2013).

Court records indicate that Anekwu filed a Motion to Vacate under 28 U.S.C. § 2255.  Anekwu v. U.S., 03-cr-1151, 2014 WL 12710727 (C.D. Cal. Dec. 3, 2014).  The motion was denied, as was Anekwu's subsequent Motion for Relief from Judgment. Anekwu v. U.S., 03-cr-1151, 2015 WL 13450806, at *1 (C.D. Cal. Dec. 15, 2015).

Anekwu filed a habeas petition under § 2241 in this Court, which was denied and dismissed for lack of jurisdiction.  (1:18-cv-00142).

## II.    Law and Analysis

A petition filed in the appropriate court of appeals is the exclusive means for judicial review of an order of removal issued by an Immigration Judge.  See 8 U.S.C. § 1252(a)(5); Merlan v. Holder, 667 F.3d 538, 539 (5th Cir. 2011) (district court did not have jurisdiction to review the final removal order pursuant to the provisions of the REAL ID Act); Castillo–Perales v. Holder, 411 F. App'x 695, 695–696 (5th Cir. 2011) ("The Real ID Act stripped the district courts of jurisdiction over petitions attacking removal orders."); Rosales v. Bureau of Immigration & Customs Enforcement, 426 F.3d 733, 736 (5th Cir. 2005).  Thus, this Court does not have

jurisdiction to review the orders issued by the Immigration Judge or the Board of Immigration Appeals regarding Anekwu's removal.

To the extent Anekwu seeks relief in the form of a reversal of his criminal conviction, he fails to state a claim for which relief can be granted.  Habeas corpus is the appropriate cause of action to challenge the fact or duration of confinement, not Bivens or § 1983.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  Thus, a federal prisoner may only collaterally attack his conviction under §§ 2241 or 2255.  See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).

III.   Conclusion

Because the Court lacks jurisdiction over Anekwu's Order of Removal, and a reversal of his conviction is not attainable through a Bivens complaint, IT IS RECOMMENDED that Anekwu's Complaint and Motion for Preliminary Injunction (Doc. 1) be DENIED and DISMISSED, IN PART WITHOUT PREJUDICE for lack of jurisdiction, and IN PART WITH PREJUDICE for failing to state a claim for which relief can be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned

is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this _____14th_____ day of February, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge